HATTIE E. COOPER, PLAINTIFF IN ERROR, v. IRA E. HAWLEY, DEFENDANT IN ERROR.

A building contract contained, among others, these provisions : " *Third.* Should the owner, at any time during the progress of said building, request any alterations, deviations, additions or omissions from the said contract, she shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation. \* \* \* *Fifth.* \* \* \* Should any dispute arise respecting the true value of the extra work or of the work omitted, the same shall be valued by two competent persons—one employed by the owner and the other by the contractor—and those two shall have power to name an umpire, whose decision shall be binding on all parties. \* \* \* *Seventh.* No alterations or extra work shall be done without a written order from the architect and an express agreement in writing as to the cost." *Held,* that the prohibition of the seventh clause extended only to orders of the architect and had no relation to the other clauses.

---

On error to the Supreme Court.

The parties agreed, under seal, that Hawley should erect a building on Miss Cooper's land, and that she should pay him therefor, in installments, $3,925.    The work was to be done under the direction of Herman Fritz, an architect.

The following provisions of the contract are pertinent to. the controversy now under review :

"*Third.* Should the owner, at any time during the progress of said building, request any alterations, deviations, additions or omissions from the said contract, she shall be at liberty to do so, and the same shall in no way affect or make void the contract but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation.

"*Fourth.* Should the contractor, at any time during the progress of such works, refuse or neglect to supply a suffi- ciency of materials or workmen, the owner shall have power to provide materials and workmen, after three days' notice in writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract.

"*Fifth.* Should any dispute arise respecting the true con- struction or meaning of the drawings or specifications, the same shall be decided by Herman Fritz, and his decision shall be final and conclusive ; but should any dispute arise respect- ing the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons—one em- ployed by the owner and the other by the contractor—and those two shall have power to name an umpire, whose de- cision shall be binding on all parties.

"*Seventh.* No alterations or extra work shall be done with- out a written order from the architect, and an express agree- ment in writing as to the cost."

Four months after the time fixed by the contract for its completion, the building was still unfinished, and the owner, on three days' notice, discharged the contractor and caused it to be finished by others. The contractor brought suit in the Circuit Court of the county of Essex for $2,275, the amount of the unpaid installments of the contract price, and $96.29, the cost of a few extras. In defence the owner claimed that the work done by the contractor varied so greatly from the specifications as to defeat any recovery ; and by way of recoupment and set-off sought damages for delay and de-

fective work and allowance for the cost of finishing the building. At the trial the contractor claimed modifications of the contract and other acts of the owner, justifying the delay and asserted that his work was in substantial compliance with the contract as modified. He conceded a deduction of the estimated cost to him to finish the building; which cost he undertook to show would have been less than the cost to the owner. The character of the work up to the time of the discharge and the propriety of such discharge were submitted to the jury under instructions to which no exception was taken, and that seem unexceptionable. The evidence showed deviations from what was specified in the contract. These the contractor sought to vindicate by parol authority. The defence objected to any proof of alterations or extra work authorized only by parol. The trial judge, under exception, permitted such proof, but directed it to be limited to cases where the parties themselves had mutually agreed to the modifications; and, in his charge, instructed the jury as follows : " Before you can find that there was a change in the contract, a modification of the plans, you must be satisfied that the parties to the contract—not the architect and the plaintiff, but the defendant and the plaintiff—mutually agreed to such changes." He assumed in his charge that the contract required that such an agreement should be in writing and expressing the cost, and should be accompanied by a written order from the architect, but instructed the jury that those requirements might be waived and that a waiver might be inferred from the facts and circumstances proved in the case. To these instructions exception was taken. The verdict was for $1,532.35. The two exceptions recited present the only matters assigned for error in the Supreme Court, where the resultant judgment was affirmed. The plaint under the present writ is such affirmance.

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *William B. Guild.*

The opinion of the court was delivered by

COLLINS, J. The contention, unsuccessful at the trial and in the Supreme Court, now pressed for our decision; is that, inasmuch as the contract between the parties was under seal it could not be altered by parol. Speaking for myself, I can see no reason why a valid contract, of whatever nature, should be denied efficacy because the parties had previously made a different contract, however solemn in form; but it is sufficient now to say that such a determination is in no way involved in an affirmance of the judgment under review. The cause was tried on the mistaken assumption of court and counsel of a correlation between the provisions of the seventh clause of. the contract and those of the third and fifth clauses of that instrument. They are so discrepant as to be clearly independent provisions. Alterations, deviations, additions or omissions requested by the owner are to be valued after the work is done. Alterations or extras ordered by the architect are conditioned on a previous agreement as to their cost. The language of the seventh clause is obscured by condensation, but, construed in the light of the other clauses, it plainly refers only to orders of the architect. An agency for an owner is readily inferred, in certain cases, to rest in a supervising architect. *Seymour* v. *Long Dock Co.*, 5 *C. E. Gr.* 396; *Henderson Bridge Co.* v. *McGrath*, 134 *U. S.* 260. In this contract, by the seventh clause, such agency is expressed and circumscribed. The ruling, therefore, of the trial judge was all that the plaintiff in error could ask. The unnecessary statement in the charge that the contract requirement might be waived was harmless, even if incorrect.

The only other complaint urged in this court is that alterations were proved for which the only authority shown was that of the architect, by parol. If this be so it must be assumed that, under the lucid instructions of the judge, the jury treated such alterations as unauthorized. It follows that they found them to be consistent with a substantial compliance with the contract. The amount of the verdict as applied to the evidence does not indicate any disregard of the

principles laid down to guide the jury. If the plaintiff in error conceived otherwise her remedy was by motion for a new trial, not by writ of error. If it could be shown, indeed, that in no case of deviation from the contract was there evidence of the owner's concurrence, it is possible that it might be held error for the judge to have submitted the matter at all to the jury; but this is not claimed. Authority to change the stairs was admitted to have been given, and there was evidence of authority to erect the building at a higher elevation than that called for by the plans. The grievance of the plaintiff in error is thus exhibited in the brief of her counsel :.

"There was error in the judge's charge in that it left it to the jury to determine whether there was any evidence of a modification of the contract, when the case displayed absolutely none whatever, except in reference to the elevation of the house. The plaintiff below did offer proof that the defendant was present and assented to such location, but there was absolutely no proof of her assent to, or knowledge of any of the other changes, of which the case is replete with examples, beyond the mere occupancy of the house by her, after discharging the contractor.  *  *  *

"The jury should have been charged that inasmuch as the case showed no evidence whatever of acceptance, or waiver by the defendant, of any of the provisions, that the plaintiff could not recover thereon. It was a great hardship upon the defendant to permit, under the guise of subsequently proving the defendant's assent to or ratification of the alterations and changes, evidence to be given of such changes, modifications and alterations throughout the entire job, and then leave the case to the jury, although it was devoid of any proof whatever as to such ratification of deviation, except in reference to the variation in the elevation of the house."

It appears, therefore, that the owner's authority for at least one deviation besides that conceded was fairly open to discussion. The testimony shows that this was the most important one. With the exception of the change in the stairs, passed by with the remark that authority for that was admitted, it.

was the only one to which the judge alluded in his charge to the jury. This court cannot be asked to scrutinize the voluminous testimony as to other deviations. We cannot know that claim of authority for any others was pressed before the jury. If so pressed without supporting proof, protection could have been afforded by appropriate requests to charge.

I shall vote to affirm this judgment.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DIXON, LUDLOW, ADAMS, HENDRICKSON. 6.

*For reversal*—DEPUE, GUMMERE, BOGERT, NIXON. 4.